## COURT OF APPEALS.

FREDERICK J. CONANT and CHARLES WELLS, Appellants, agt.
ALBERT A. VEDDER, Respondent.

The following case is reported, to show the *usual terms* required by the court in opening a regular default, upon what may be considered the ordinary excuses.

*September Term,* 1849.—This was a motion on the part of the respondent to set aside or open a default taken by the appellants on the 17th July, at the last July term of the court, held at Norwich, N. Y.

The attorneys and counsel for both parties resided in the city of New York. On the part of the respondent, it appeared from the affidavit of his attorney, John Sherwood, Esq., that he, Sherwood, was, on Thursday evening, July 12th, and Friday, July 13th, seriously attacked with symptoms of the disease then prevalent in New York, which precedes cholera. That the counsel in the cause, Samuel Sherwood, Esq., his father, was detained in New York, on Friday, the 13th, and Saturday, the 14th of July, in consequence of such illness. From the affidavit of

the counsel, Samuel Sherwood, Esq., it appeared that he intended to leave New York to attend the July term on Friday morning of the 13th; but in consequence of the illness of his son, as stated, he did not leave until Saturday night, 14th of July, and then took the Kingston boat, where he had a conveyance in waiting, by means of which he would have been able to have reached Norwich on Monday evening the 16th; but in consequence of the unusual northwest wind, the boat did not reach the landing until 11 o'clock on Sunday morning; and although he travelled Sunday evening, he was unable to reach Norwich until Wednesday morning, 18th July, a distance of 120 miles.

In opposition to the motion, the affidavit of W. Emerson, Esq., one of the attorneys and counsel for the appellants, stated that he left the city of New York on Saturday evening the 14th July, at 6 P. M. and spending Sunday in Albany, arrived at Norwich on Monday evening about 5 P. M., by the ordinary public conveyance.

SAMUEL SHERWOOD, *for motion.*

W. EMERSON, *opposed.*

The court allowed the default to be opened, on payment of $50 counsel fee by the respondent to the appellants, and the costs of the term.

## DECISIONS OF THE COURT OF APPEALS.

At the request of a number of subscribers, to have published in these Reports the *decisions* made in causes argued and determined in the Court of Appeals; and believing that they may be made useful to the profession, by briefly stating the subject-matter of each case decided, (and if reported, where it may be found,) and by commencing at the first decisions made by the court, and keeping up regularly with each successive term, as a matter of reference, in a connected form, to *all* the causes decided in the Court of Appeals, this manner of their publication will undoubtedly be found convenient.

The principal benefit in these publications, in this manner, will be, to keep the profession informed of the different questions decided (or principles settled) by the court; that in case all the causes should not be re-

ported, or should they eventually be, it may be known at an early day, that such questions (or principles) have been brought before the court, and decided and settled by them. Of course, these reports will only convey information upon the main points, or subject-matter of each case *generally*; the particular grounds and reasons must always be obtained from the opinions of the court.

The Court of Appeals organized under the Amended Constitution of 1846 and the Judiciary Act of 1847, at the Capitol in the city of Albany, on the first Monday (5th) of July, 1847. The several judges were sworn into office on that day as follows :

> FREEBORN G. JEWETT,
> GREENE C. BRONSON,
> CHARLES H. RUGGLES,
> ADDISON GARDINER.

The several justices of the Supreme Court were also sworn into office the same day.

Upon the organization of the Court of Appeals, in order to proceed to business, the several judges took their seats according to the class to which they respectively belonged; the Chief Judge having the shortest term to serve.

The four justices of the Supreme Court having the shortest term to serve in the first, third, fifth and seventh judicial districts, were designated by law as judges ex-officio of the Court of Appeals, and took their seats according to their judicial district, commencing with the first; eight judges composing the Court as follows :

> FREEBORN G. JEWETT, *Chief Judge.*
> GREENE C. BRONSON, ⎫
> CHARLES H. RUGGLES, ⎬ *Judges.*
> ADDISON GARDNER, ⎭
> SAMUEL JONES, ⎫
> WILLIAM B. WRIGHT, ⎬ *Judges ex-Officio.*
> CHARLES GRAY, ⎪
> THOMAS A. JOHNSON. ⎭

The court adopted their rules, and directed them to be published; but did no other business at this term.

The next term of the court was held on the first Tuesday (7th) of September, 1847, at the Capitol in the city of Albany. Present—The same Judges.

This being the first term at which any business was done, there were of course but few causes decided, and those decisions were made upon the argument. The first of which was, JOHN PIERCE, plaintiff in error, vs. JAMES E. DELAMATER, defendant in error. Argued by R. E. ANDREWS, for plaintiff in error; C. L. MONELL, for defendant in error. —*Judgment affirmed.*

This cause originated in a justice's court. The action was brought on an account. The question was as to the sufficiency of the evidence upon which the judgment was rendered; it being a confession of the defendant. (Reported, 3 Howard's Pr. R. 162.)

JOHN G. BRITTON et al. plaintiffs in error, vs. ISAAC FRINK, sheriff, &c. defendant in error. Argued by A. K. HADLEY and N. HILL, jr. for plaintiffs in error; E. S. BULLARD, for defendant in error.—*Judgment affirmed.* This suit originated in a justice's court. The action was brought by Frink for moneys overpaid on a bill of attorney's costs. The principle settled was, that an excess of costs paid to an attorney on the settlement of a suit, *without taxation*, may be recovered back by action; also that payment of fees illegally demanded is not a voluntary payment. (Reported, 3 Howard's Pr. R. 102.)

JOSEPH MOAK, plaintiff in error, vs. HENRY FOLAND, defendant in error. Argued by C. D. COLMAN for plaintiff in error.—*Judgment affirmed,* upon the opening argument. This suit originated in a justice's court. The action was brought by Foland, in trover, to recover the value of certain fowls Moak had received under an agreement. It was a question of fact as to ownership, the evidence upon which was conflicting. The court said it was for the justice to decide in such a case, and they would not reverse a judgment on such grounds, although it might seem that the weight of evidence was against the decision. (Reported, 3 Howard's Pr. R. 84.)

HARVEY LOOMIS, plaintiff in error, vs. JAMES MONROE, defendant in error. Argued by B. DAVIS NOXON for plaintiff error; N. HILL, jr. and D. WRIGHT, for defendant in error. *Judgment affirmed.*—Loomis sued Monroe to recover the value of a building called the Arcade, erected at Ballston, N. Y., by Loomis in pursuance of written agreements between them; Monroe being a stockholder and president of the Saratoga Railroad Co. and the building being intended for the use of the company. The question arose upon the construction of the agreements, whether the undertaking by Monroe to pay for the building was collateral or original. The case does not seem to have been reported in either court.

These were all the decisions (in calendar causes) made at this term.